AMANDA YOUNG, Plaintiff, *v.* CENTRAL GREYHOUND LINES, INC. OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Albany County, January 6, 1955.

*Lawson & Lawson* for plaintiff.

*Brown & Gallagher* for James Polimeni and another, defendants.

*Gordon, Gordon & Siegel* for Dorp Motors, Inc., defendant.

BOOKSTEIN, J. It appears from the complaint that a collision occurred on June 25, 1954, between a bus, owned by defendant, Central Greyhound Lines, Inc. and operated by defendant Nantel and a Ford truck owned by defendant, Dorp Motors, Inc., and operated by defendants, James Polimeni and Rocco M. DeLorenzo. Plaintiff, a passenger in the aforesaid bus, claims to have been injured in the collision and has brought this action against the owners and operators of the respective vehicles.

Pursuant to section 264 of the Civil Practice Act, defendant, Dorp Motors, Inc., in its answer, cross-complains against defendants, Polimeni and DeLorenzo, the operators of its truck, and asks judgment over against them, in the event of recovery against it. Defendants, Polimeni and DeLorenzo move to dismiss the cross complaint of defendant, Dorp Motors, Inc., on the ground that it does not state facts sufficient to constitute a cause of action.

It appears from the cross complaint that defendant, Dorp Motors, Inc., is a dealer in motor vehicles; that on June 23, 1954, it sold and delivered to defendants, Polimeni and DeLorenzo the Ford truck, which was on June 25, 1954, involved in the collision heretofore described; that at the time of the delivery of the truck, the defendants, Polimeni and DeLorenzo, requested defendant, Dorp Motors, Inc., to loan to them certain dealers' license plates, to be affixed to the truck, to enable them to drive the truck to certain weight scales, to ascertain the correct weight of the truck, so as to enable them to apply for registration plates and that they agreed to return the dealer's plates within a few hours, and the loan of the dealer's plates was made in reliance on such agreement; that said defendants, Polimeni and DeLorenzo failed to carry out their agreement to return the plates; that instead they operated the truck indiscriminately upon the highways of this State, beyond the scope and period of their authorized permission and were so operating the truck, with the aforesaid dealer's plates, at the time of the collision, which gave rise to this action.

In moving to dismiss the cross complaint, the defendants, Polimeni and DeLorenzo, rely on the decision in *Switzer* v. *Aldrich* (307 N. Y. 56), and claim that the determination in that case is decisive of the issue raised by them on this motion. With this contention, I am unable to agree.

In the *Switzer* case (*supra*), the automobile dealer was held to be estopped from establishing that he was not in fact the owner of a vehicle, involved in an accident, which bore his dealer's plates, when he failed to comply with the provisions

of the Vehicle and Traffic Law and the regulations of the Commissioner of Motor Vehicles. Here, too, there was a failure to comply with the statute and regulations. In the *Switzer* case, however, the holding was to the effect that, *as to a person injured,* the dealer would be estopped from rebutting the prima facie presumption of ownership established by proof of the issuance to him of the plates on the vehicle which caused injury, by proof which established violation of a statute and regulations of the Commissioner of Motor Vehicles. So, here, defendant, Dorp Motors, Inc., perhaps cannot, *so far as plaintiff is concerned,* overcome the prima facie presumption against it arising from the presence of its plates on the truck involved in the collision in which plaintiff claims to have been injured.

The liability in favor of plaintiff thus cast upon defendant, Dorp Motors, Inc., is not the result of any active negligence on its part. It arises by reason of section 59 of the Vehicle and Traffic Law and the denial to it of any right to rebut the presumption of ownership, under the rule laid down in the *Switzer* case (*supra*). That case is not an authority, however, for the proposition, that, as between these defendants, the defendant, Dorp Motors, Inc., may not recover over against the defendants, Polimeni and DeLorenzo, by a showing of the true facts as between them; the agreement between them and its violation.

The doctrine of estoppel, applied in the *Switzer* case (307 N. Y. 56, *supra*), as to the injured person, does not expressly or in reason, apply to the claim over of defendant, Dorp Motors, Inc., against the defendants, Polimeni and DeLorenzo.

Motion denied.